Johnson v. Howe et al.

JAMES H. JOHNSON, appellant, v. LYMAN HOWE et al.,
appellees.

*Appeal from Jo Daviess.*

In an action of replevin for a horse, the plaintiff, after having given evidence tending to prove property in himself, offered to prove, for the purpose of showing an unlawful detention of the property, by a person in the employment of the defendants, who were the keepers of a livery stable, and who had been keeping the horse, that they gave a general order to their hands, before the commencement of the suit, not to deliver the horse to the plaintiff, or to any one for him. The testimony was objected to, and rejected by the Court: *Held*, that the evidence offered, tended to prove an unlawful detention, and ought not to have been rejected.

Most circumstances which, in the action of trover, would tend to prove a conversion, would, in an action of replevin, have the same tendency to prove an unlawful detention.

In an action of replevin, several issues were made, and the jury returned a verdict in these words: "We, the jury, find a verdict for the defendants." The plaintiff's counsel requested the Court to direct the jury to retire and find a verdict on all the issues presented by the pleadings, but the Court refused the request and directed the clerk to put the verdict in form, as follows: "We, the jury, find the issues for the defendants." When the amended verdict was presented to the jury, some assented, and others stated to the Court that they only found for the defendants on the issue of *non detinet*. The counsel then requested that the names of the jurors might be severally called, and each inquired of, whether this last was their verdict, but the Court denied the application, and rendered a judgment against the plaintiff, and awarded a writ of *retorno habendo*: *Held*, that either party had the legal right to have the jury polled on their return, or after the amendment, and to ask them severally if such was their verdict.

In an action of replevin, under the issue of *non detinet* found for the defendant, a writ of *retorno habendo* will not be awarded, when the defendant shows no title or a right of possession in himself or in any other person, to the property.

REPLEVIN in the Jo Daviess Circuit Court, brought by the appellant against the appellees, and heard before the Hon. Thomas C. Browne and a jury, at the June term 1845. Verdict and judgment for the defendants, and an award of a writ of *retorno habendo*.

The material portions of the evidence, and the several pleadings are referred to in the Opinion of the Court.

*O. C. Pratt*, for the appellant.

The right to have the jury polled as to their verdict cannot be denied by the Court, either in civil or criminal cases, if demanded by plaintiff or defendant.  *Fox* v. *Smith*, 3 Cowen, 23; *Jackson* v. *Hawks*, 2 Wend. 619.

All the issues were not passed upon.  *Van Benthuysen* v. *De Witt*, 4 Johns. 213; *Bemus* v. *Beekman*, 3 Wend. 670.

To entitle defendants to a return, they should, in some way, by proof, connect themselves with the right or title to the property.

The offer to show a demand by plaintiff, before the service of the writ, would have been sufficient.  *Cumming* v. *Vorce*, 3 Hill's (N. Y.) R. 282; *Hill* v. *Stocking*, 6 do. 277.

*C. Gilman*, and *E. B. Washburne*, for the appellees, as to the finding of the jury, cited *Porter* v. *Rummery*, 10 Mass. 64; as to polling the jury, it is a matter within the discretion of the Court.  *Blackley* v. *Sheldon*, 7 Johns. 33.

The Practice Act allows the Court to have the verdict put into form, and it is an every day practice in the Circuit Courts.

The several pleas are to be regarded in the same light as are counts in a declaration.  "If there are several counts in a declaration, and the verdict is taken upon only one of the counts, it is good, provided all that is in issue upon that count be found; because every count is to be considered as a distinct declaration."  7 Bac. Abr. 19, "*Verdict.*"  So, also, "if a verdict find all that is in issue in one count which is material, it is good; for if any thing not material be put in issue, the verdict is good, notwithstanding it be silent as to that."  Ibid.

It is a good defence, under the general issue, that the writ was *sued out* before the right of action had accrued, and it cannot be made by plea in abatement.  *Wingate* v. *Smith*, 20 Maine, (7 Shepley,) 290; *Facquire* v. *Kynaston*, 2 Lord Raym. 1249.   In this case, a demand after the sueing out and before the service of the writ would have been insufficient. The general orders alleged to have been given to the servant

Johnson *v.* Howe *et al.*

if proved, would not have dispensed with the necessity of a demand.

Under the plea of *non detinet,* the plaintiff must prove, not only the wrongful detention of the property, but also his right to the immediate possession. *Amos* v. *Sinnot,* 4 Scam. 445, 447–9.

The Opinion of the Court was delivered by

PURPLE, J.*    The appellant brought an action of *replevin* against the appellees in the Circuit Court of Jo Daviess county.    The declaration is in the usual form, alleging that the defendant in the Court below detained one horse and halter, the property of the appellant.

The appellees pleaded

1.  *Non detinet;*

2.  Property in themselves;

3.  Property in Henry T. Stoffer; and

4.  Property in Stoffer and appellant jointly, and some other special pleas which it is unnecessary here to notice.

Several issues were made upon the pleas, and upon the trial of the cause, after having given evidence tending to prove property in himself, the appellant offered to prove, for the purpose of showing an unlawful detention of the property, by one Jackson, who was in their employment, that the appellees gave a general order to their hands before the commencement of this suit, not to deliver the horse in controversy to the appellant, or to any one on his behalf.    It had appeared from previous evidence, that appellees were keepers of a livery stable, and that, at or before the commencement of this suit, they had been keeping the horse for the appellant.    The jury retired and returned the following verdict:    "We, the jury, find a verdict for the defendants."    Whereupon, the counsel for the appellant requested the Court to direct the jury to retire, and find a verdict on all the issues presented by the pleadings.    This was refused by the Court, and the clerk was directed to put the verdict in

---

* WILSON, C. J., and LOCKWOOD J., did not sit in this case.

form, as follows: "We, the jury, find the issues for the de-
fendants." Upon this verdict being presented to the jury,
some of them assented to it, and others stated to the Court,
that they only found for the defendants on the first issue of
*non detinet.* The counsel for the appellant then requested
that the names of the jurors might be severally called, and
that they might be severally inquired of whether this last
was their verdict. The Court denied this application, and
rendered a judgment against the appellant, and awarded a
writ of *retorno habendo.* These facts all distinctly appear
in the bill of exceptions in this case.

The principal assignments of error relied on in the case are,
*first,* the rejection of the evidence offered by the appellant to
prove the unlawful detention of the property; and, *secondly,*
the refusal of the Court to allow the appellant to poll the
jury.

The decision of the Court was erroneous upon both points.
It was necessary for the appellant, in order to maintain the
issue on his part, to prove that he was the owner of the prop-
erty, and that the appellees unlawfully detained it. If the
appellees gave orders to their servants not to deliver the
property to appellant, or any person on his behalf, it cannot
be doubted that this fact tended to prove a detention of the
property by them. It is not important that physical force
should be used in order to constitute this unlawful detention,
nor is a demand and refusal the only evidence thereof. In
an action of trover, the demand and refusal does not consti-
tute the conversion. It is only evidence of it. But this is
not the only evidence to prove a conversion in an action of
trover, or an unlawful detention in an action of replevin. It
could scarcely be insisted, that if one to whom a horse had
been loaned, instead of returning him according to contract,
should attempt to run him from the country, and the first
intelligence received by the owner should be, that he was
actually absconding with his property, that such owner would
would be bound, before he could properly procure a writ of
replevin upon which to retake the same, to follow and overtake
the wrong doer and formally demand his property. Most cir-

cumstances which, in the action of trover, would tend to prove a conversion, would, in replevin, have the same tendency to prove an unlawful detention. The evidence offered was improperly rejected.

The appellant had also an unquestionable right to inquire severally of the jurors, whether they agreed to the verdict as amended. He had that right on the return of the original verdict of the jury, and equally so when it had been reduced to form, or amended under the direction of the Court. The first verdict rendered was simply "for the defendants." It might have been upon one or all the issues. If, as some of the jurors stated when inquired of if they assented to the verdict, it had been found alone upon the first issue in the pleadings, the appellees would not have been entitled to the writ of *retorno habendo*, as awarded by the Court. They made no offer to prove any of their pleas. They showed no title to, or right of possession in themselves, or any other person to the property. Upon what pretence, then, can it be claimed that they are entitled to its return. From the evidence presented, the jury could not have found any except the first issue for the appellees. It is apparent that the verdict, when amended or reduced to form, was not the verdict of the jury. But whether it was, or was not, is immaterial. Either party had the legal right to have the jury polled and ask them severally if it was their verdict.

The judgment of the Circuit Court is reversed with costs, and the cause remanded with directions to the Circuit Court to award a *venire facias de novo*.

*Judgment reversed.*